UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY S. CROMWELL,

    Plaintiff,

    v.

DEUTSHE BANK NATIONAL TRUST COMPANY, et al.,

    Defendant.
_____/

No. C 11-2693 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiff Kimberly S. Cromwell alleges that she is the former owner of real property located in Antioch, California. In November 2005, plaintiff financed the acquisition of the property with a loan secured by a promissory note and Deed of Trust. Plaintiff defaulted on the loan, and the property was subsequently sold at a Trustee's Sale.

    In December 2010, plaintiff received a notice of unlawful detainer from defendant Deutsche Bank National Trust Co., as Trustee for Morgan Stanley Capital 1 Trust 2006-NC2 ("Deutsche Bank"). Deutsche Bank filed an action for unlawful detainer in the Superior Court of California, County of Contra Costa, seeking to recover possession of the property. On May 29, 2011, plaintiff received a notice of the state court's ruling in the unlawful detainer action, in favor of Deutsche Bank. On June 2, 2011, plaintiff received a notice of eviction from the Contra Costa Sheriff's Department, demanding that she vacate the property by June 9, 2011.

On June 3, 2011, plaintiff filed the present action against Deutshe Bank, and also against Deutsche Bank National Trust Company and NDEX West, LLC, alleging violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, seq., and state law claims of negligence, fraud, wrongful foreclosure, slander of title, and unfair competition, and seeking damages, injunctive relief, and an order setting aside the Trustee's Sale. Also on June 3, 2011, plaintiff filed an ex parte application for a temporary restraining order, and a request for an order to show cause re preliminary injunction, seeking an order restraining Deutsche Bank from evicting her from the property.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

Alternatively, the plaintiff may demonstrate that serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 2011 WL 208360 at *7 (9th Cir., Jan. 25, 2011). A "serious question" is one on which the plaintiff "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S.Ct. at 376, 381.

Under Federal Rule of Civil Procedure 65(b)(1),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id.

In addition, ex parte injunctive relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974). Here, plaintiff asserts that if she is not heard ex parte, she will suffer immediate and irreparable injury, as she will be evicted from the property.

The court finds that the motion must be DENIED. First, plaintiff has not established that she is entitled to injunctive relief. In particular, she has made no showing that she is likely to prevail on the merits of her claims, or that the balance of equities tips in her favor.

Second, plaintiff has not met the standard under Rule 65 for granting of ex parte injunctive relief. There is no indication that plaintiff has served the defendants with the summons and complaint, in accordance with the requirements of Federal Rule of Civil Procedure 4. Moreover, she has failed to provide a declaration stating specific facts showing that immediate and irreparable injury, loss, or damage will result before defendants can be heard in opposition.

Third, and most important, the relief plaintiff seeks in the TRO application is beyond the jurisdiction of this court. In seeking an order enjoining Deutsche Bank from proceeding with the eviction proceeding, plaintiff is in essence seeking federal court review of the judgment of the Superior Court.

Under the Rooker-Feldman doctrine, federal district courts are precluded from appellate review of "cases brought by state-court losers complaining of injuries caused by

3

state court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-93 (2005).

Although plaintiff does not specifically seek an order declaring the judgment in the unlawful detainer action null and void, that would be the practical effect of an order enjoining Deutsche Bank from carrying out the eviction that was authorized by the state court judgment. Under Rooker-Feldman, such a ruling is not allowed. Accordingly, this court is without jurisdiction to provide the relief that plaintiff seeks. If plaintiff seeks appellate review of the state court judgment, she must seek relief from the California Court of Appeal.

Accordingly, plaintiff's application for a TRO and order to show cause re preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: June 6, 2011

PHYLLIS J. HAMILTON
United States District Judge

4