UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY S. CROMWELL,

        Plaintiff,

        v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,

        Defendants.

_____/

No. C 11-2693 PJH

**ORDER**

        Plaintiff Kimberly S. Cromwell filed this action on June 3, 2011, seeking to set aside a nonjudicial foreclosure. Defendants moved to dismiss, and on August 22, 2011, the court issued an order denying the motion.

        As the complaint failed to allege facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332, and because the court is required to determine – sua sponte if necessary – whether it has subject matter jurisdiction, the court directed plaintiff to show cause in writing why the court should not dismiss the federal claims alleged in the complaint (claims under 18 U.S.C. §§ 1341 and 1343, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682, et seq.).

        On September 7, 2011, plaintiff filed a response to the order to show cause, in which she conceded that she could not state a claim under 18 U.S.C. §§ 1341 and 1343. Accordingly, those claims are DISMISSED.

        Plaintiff also argued that the allegations of FDCPA violations do apply to defendants in this action. The FDCPA was enacted to protect debtors from false, deceptive, or misleading representations or tactics with respect to the collection of debts. See 15 U.S.C.

§ 1692(e). To plead entitlement to relief under the FDCPA, a plaintiff must allege that the defendant was collecting debt as a debt collector, and that its debt collection actions violated some provision of the FDCPA. See Jerman v. Carlisle, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. § 1692 et seq.). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The provisions of the FDCPA are limited to "debt collectors." Id. § 1692a. A "debt collector" is "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). Excluded from this definition is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained." Id. § 1692a(6)(F).

Also, under the FDCPA, a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. § 1692a(4). Accordingly, collecting a debt not for another, whether or not the debt is assigned in default, makes one a creditor (not a debt collector). This is in keeping with the legislative history of the FDCPA, which highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers. See McKinney v. Cadleway, 548 F.3d 496, 501 (7th Cir.2008).

The legislative history of § 1692a(6) indicates the term "debt collector" does not include a mortgage servicing company or an assignee of a debt if the debt was not in default at the time it was assigned. See S.Rep. No. 95–382, 95th Cong., 1st Sess. 3,

reprinted in 1977 U.S.Code Cong. & Ad.News 1695, 1698 ("[T]he committee does not intend the definition [of 'debt collector'] to cover . . . the collection of debts, such as mortgages . . . , by persons who originated such loans; [or] mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]").

Thus, courts have held that a nonjudicial foreclosure pursuant to a deed of trust does not constitute "debt collection" within the meaning of the FDCPA. See Landayan v. Washington Mutual Bank, 2009 WL 3047238, at *3 (N.D. Cal. Sept.18, 2009); see also Hanaway v. JPMorgan Chase Bank, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) (because "a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA"); Deissner v. Mortgage Elec. Regis. Sys., 618 F.Supp. 2d 1184, 1189 (D. Ariz. 2009) ("activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. Jun.17, 2010) (quotations and footnote omitted).

As the court understands plaintiff's argument, she contends that none of the defendants named in this action is the lender, the mortgage servicing company, or an "assignee of a debt," and that for this reason, defendants can be considered "debt collectors" for purposes of the FDCPA. She also asserts that the foreclosure was wrongful under California law because it depended in part on the assignment of the deed of trust, which the Superior Court of California, County of Contra Costa, found in a prior action to have been invalid.

Nevertheless, apart from any allegation that the foreclosure was wrongful because defendants violated various state laws, the FDCPA cause of action is so deficiently pled that it seems likely that defendants will be unable to provide any meaningful response. For

3

example, the complaint does not allege facts showing that any of the named defendants can be considered a "debt collector" under the FDCPA. Moreover, the complaint asserts that "Ndex West violated 15 U.S.C. [sic] by using false, deceptive, and misleading representations or means in the collection of Plaintiff's debt (alleged)," Cplt at 22:16-17, and that "DBNTC in its individual and Trustee capacity, acted negligently under 15 U.S.C. [sic] by knowingly allowing its agents to design, compile, and furnish forms knowing they would be used to create a false belief . . . that someone other than the actual creditor was participating in an effort to collect his debt . . . ," Cplt at 23:1-4, but it is impossible to tell from these allegations which provisions of the FDCPA plaintiff alleges were violated, or how.

Accordingly, no later than November 10, 2011, plaintiff shall file a first amended complaint, in which the FDCPA cause of action is re-pled. Plaintiff must adequately allege facts showing that each defendant can be considered a debt collector, and that each defendant violated an identified provision of the FDCPA. Plaintiff may add no additional causes of action or defendants without leave of court. Defendants' response to the first amended complaint will be due no later than 28 days following the date the first amended complaint is filed.

The order to show cause is discharged.

**IT IS SO ORDERED.**

Dated: October 14, 2011

PHYLLIS J. HAMILTON
United States District Judge

4