UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY S. CROMWELL,

    Plaintiff,

      v.

DEUTSHE BANK NATIONAL TRUST COMPANY, et al.,

    Defendants.

_____/

No. C 11-2693 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the first amended complaint ("FAC") for failure to state a claim, or, in the alternative, to stay the action pursuant to Colorado River Conservation Dist. v. United States, 424 U.S. 800 (1976), came on for hearing on January 18, 2012 before this court. Plaintiff Kimberly Cromwell appeared in propria persona, and defendant Deutsche Bank National Trust Company ("Deutsche Bank"), individually and as Trustee for the Morgan Stanley Capital 1 Trust 2006 NC2, appeared by its counsel Michael Cross. Defendant NDeX West LLC ("NDeX") joined in the motion but did not appear at the hearing.

Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss the sole federal claim, declines to exercise supplemental jurisdiction over the remaining state law claims, and finds that the action must be DISMISSED.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Plaintiff filed the complaint in the present action on June 3, 2011, concerning her mortgage loan and a scheduled trustee's sale of the property. She alleged federal question jurisdiction, based on asserted violations of 18 U.S.C. §§ 1341 and 1343 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 et seq.

On August 22, 2011, the court ordered plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction, stating "it appears that plaintiff cannot state a claim under either of the federal causes of action pled in the complaint." Plaintiff responded to the order to show cause on September 7, 2011, and, thereafter, withdrew the claims alleging violations of 14 U.S.C. §§ 1341 and 1343. Plaintiff argued,

2

however, that her claims under the FDCPA were viable against the defendants.

On October 14, 2011, the court discharged the order to show cause, but stated that "the FDCPA cause of action is so deficiently pled that it seems likely that defendants will be unable to provide any meaningful response" because "it is impossible to tell from [plaintiff's] allegations which provisions of the FDCPA plaintiff alleges were violated, or how." The court granted plaintiff until November 10, 2011, to file a first amended complaint.

On November 10, 2011, plaintiff filed the FAC. The sole federal cause of action pled in the FAC is for alleged violations of the FDCPA. The remaining state claims concern the validity of a non-judicial foreclosure sale of plaintiff's property. Meanwhile, a nearly identical action concerning the same mortgage loan secured by the same Deed of Trust on the same property, and the same foreclosure action, has been pending in California state courts since 2008. The Superior Court entered a judgment for the defendants in that action following a bench trial, and the matter is now on appeal.

Defendants argue that the FAC fails to state a claim for FDCPA violations because the FDCPA does not apply to non-judicial foreclosure actions. The Ninth Circuit has not ruled on this issue in any reported decision, but the vast majority of district courts within the Ninth Circuit to have considered the issue have concluded that the FDCPA does not apply to the actions taken by lenders or their agents when foreclosing on the lender's security interest under a deed of trust, in a non-judicial foreclosure of property. See, e.g., Garcia v. American Home Mortg. Serv., Inc., 2011 WL 6141047 at *4 (N.D. Cal. Dec. 9, 2011) ("non-judicial foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157 at *3 (N.D. Cal. July 26, 2011) (collecting cases for the proposition that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the FDCPA); Geist v. OneWest Bank, 2010 WL 4117504 at *2-3 (N.D. Cal. Oct. 19, 2010) (same); Aniel v. T.D. Serv. Co., 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) (same); Landayan v. Washington Mut. Bank, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009) (same).

See also, e.g., Twombly v. Truckee Meadows Funding, Inc., 2012 WL 14023 at *2 (D. Nev. Jan. 4, 2012 (non-judicial foreclosure cannot be considered an attempt to collect a debt under FDCPA); Diessner v. Mortgage Electronic Registration Sys., 618 F.Supp. 2d 1184, 1189 (D. Ariz. 2009) (activity of foreclosing on property pursuant to deed of trust is not collection of a debt within the meaning of the FDCPA), aff'd, 384 Fed. Appx. 609 (9th Cir. Jun. 17, 2010)); Ines v. Countrywide Home Loans, 2008 WL 4791863 at *2 (S.D. Cal. Nov. 3, 2008) (same); Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (same); Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp. 2d 1188 (D. Or. 2002) (same).

It is true that a few decisions by district courts within the Ninth Circuit have questioned the propositions that a mortgage cannot constitute a "debt" under the FDCPA, and that the act of non-judicial foreclosure is not an attempt to collect a debt under the FDCPA. See Katz v. Aurora Loan Servs., LLC, 2012 WL 78399 at *3 (S.D. Cal. Jan. 10, 2012); Jara v. Aurora Loan Servs., LLC, 2011 WL 6217308 at *4-5 (N.D. Cal. Dec. 14, 2011); Allen v. United Fin. Mortgage Corp., 2010 WL 1135787 at *6 (N.D. Cal. Mar. 22, 2010. However, this court finds the reasoning of the former group of cases to be more persuasive.

Here, plaintiff alleges that Deutsche Bank violated the FDCPA by "tak[ing] a nonjudicial action to effect dispossession of real property where there was no present right to possession of the property claimed as collateral through an enforceable interest." FAC at 30. She alleges that NDeX violated the FDCPA by using "false, deceptive, and misleading representations or means in the collection of [her] debt," by conducting a trustee sale on behalf of a beneficiary who had no interest in the Deed of Trust, and by "intentionally foreclos[ing] on [her] home without the required authority and proper documentation." FAC at 29. Such actions do not amount to debt collection because in a non-judicial foreclosure, the lender or its agent is simply foreclosing on the lender's interest in the property as secured by the Deed of Trust. For this reason, plaintiff fails to state a claim under the FDCPA.

4

In accordance with the foregoing, the court finds that the FDCPA claim must be DISMISSED for failure to state a claim. The dismissal is WITH PREJUDICE.[1] Having dismissed the sole federal claim, the court hereby declines to exercise jurisdiction over the remaining state law claims, for reasons of judicial economy, convenience, fairness, and comity. See 28 U.S.C. § 1367(c)(3). The state law claims are DISMISSED WITHOUT PREJUDICE to refiling in state court. See Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

**IT IS SO ORDERED.**

Dated: January 25, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Were the court not dismissing the FDCPA claim with prejudice, it would also grant defendants' request to stay this action pursuant to Colorado River, in deference to plaintiff's pending state court appeal, which involves a challenge to the non-judicial foreclosure of the same property that is at issue in the present action.